IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DINO DEMARIO; CHERYL STEELE<br><br>    Plaintiffs<br><br>    vs.<br><br>ANTHONY LAMADRID-MALDONADO; PUERTO RICO ELECTRIC POWER AUTHORITY; PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY; MUNICIPALITY OF HORMIGUEROS; INDEPENDENT CONTRACTORS X and Y; TRIPLE-S PROPIEDAD, INC.; INSURANCE COMPANIES A, B, C, D, E and F<br><br>    Defendants | CIVIL NO.:  16-2897<br><br>RE: PERSONAL INJURY<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

**AMENDED COMPLAINT**

TO THE HONORABLE COURT:

COME NOW Plaintiffs, Dino DeMario and Cheryl Steele, through the undersigned attorneys, and very respectfully state, allege and pray as follows:

**JURISDICTION AND VENUE**

1. The diversity jurisdiction of this Honorable Court is invoked under the provisions of Title 28, United States Code, Section 1332(a)(1), and Article III, Section II of the Constitution of the United States, inasmuch as the parties are citizens of different states and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of costs and interest.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391, as this action is brought in the judicial district in which the events giving rise to this claim occurred.

## THE PARTIES

3. Plaintiff Dino DeMario is a resident of the State of South Carolina and father to the decedent Nicholas Demario.

4. Plaintiff Cheryl Steele is a resident of the State of California and mother to the decedent Nicholas Demario.

5. Defendant Anthony Lamadrid-Maldonado is a resident of the territory of Puerto Rico.

6. Defendant Puerto Rico Electric Power Authorithy is a public corporation organized and existing under the laws of Puerto Rico, with its principal place of business in the Commonwealth of Puerto Rico.

7. Defendant Puerto Rico Highway and Transportation Authority is a public corporation organized and existing under the laws of Puerto Rico, with its principal place of business in the Commonwealth of Puerto Rico.

8. Defendant Municipality of Hormigueros is a legal entity with the capacity to sue and be sued, which has separate and independent legal capacity from the Commonwealth of Puerto Rico.

9. Defendants Independent Contractors X and Y are a natural or legal entities, designated with a fictitious name because their identities are presently unknown to the plaintiffs, whom/which are not residents of the State of South Carolina and/or California, and whom/which upon information and belief created the dangerous condition at the accident site and/or had the jurisdiction, care, custody and/or control of the road and light poles where the incident alleged herein occurred.

10. Defendant Triple-S Propiedad, Inc. is an insurance company organized pursuant to the laws of Puerto Rico and/or to the laws of a state other than the State of South Carolina or

California, which at all material times alleged herein was the liability insurer of the co-defendant Municipio de Hormigueros.

11. Defendants Insurance Companies A, B, C, D, E and F are insurers organized pursuant to the laws of a state other than the State of South Carolina or California, designated with fictitious names because their identities are presently unknown to the plaintiffs, which at all material times alleged herein were the liability insurers of the co-defendants Puerto Rico Electric Power Authority, Municipality of Hormigueros, Puerto Rico Highway and Transportation Authority, Independent Contractors X and Y and/or any other person or entity that may be liable to the plaintiffs.

## FACTS

11. On November 1, 2015, Nicholas (Nick) DeMario, the son of the plaintiffs, was a young, healthy and hard working 25 year-old man. Nick was a kind human being blessed with special traits. He was a selfless son who throughout his life was devoted to his family and friends, and his family and friends to him. Ironically, he died helping his friends.

12. On November 1, 2015, at or about 4:00 a.m., Nick was assisting his friends Zell Martínez-Ruiz and Milaiza Martiz-Cardona to push their damaged 1991 Mazda Protege, license plate number IKG-492, on an extremely dark marginal road before the Exit to P.R. Road #2 at Km. 162.7 in the Municipality of Hormigueros. At the time, Mrs. Milaiza's children were inside the car.

13. Suddenly, a 2000 Mitsubishi Eclipse, license plate number GLG-871, driven by defendant Anthony Lamadrid-Maldonado in the same direction from San German to Mayaguez did not stop causing a violent impact of the front end of the Mitsubishi with the rear end of the Mazda, slicing Nicholas' body. He was declared dead at the scene.

14. As a result of the accident, Dino DeMario and Cheryl Steele suffered, not only when they found out about their son's accident and death, but they also had to endure the agony of Mr. DeMario having to travel to Puerto Rico for the ordeal of identifying and confirming the death of his twenty five (25) year-old son.

15. As a consequence of Nick's death in the motor vehicle accident that gives rise to this case, plaintiffs Dino DeMario and Cheryl Steele have been deprived of the love, affection, company, physical and emotional support, the sensitivity and the display of love and affection that they were accustomed to receive from their youngest son.

16. According to the dictates of nature, and in keeping with the ordinary course of life, Dino DeMario and Cheryl Steele were expected to predecease their son. Least of all did they expect to lose their son unexpectedly and under such terrible and tragic circumstances.

17. To this day, they continue to suffer daily the loss of their son as result of this accident. They both suffer from depression and anxiety when they remember the circumstances leading to their son's death. This suffering is ever present and will continue for the rest of their lives.

18. Dino DeMario had to undergo the painful experience of seeing Nick's injuries, and his state of physical deformity as a consequence of the incident.

19. Plaintiffs will be forever deprived of their son's company and, more so, on special days such as Mother's Day and Father's Day and during the Christmas season. They lost the opportunity of seeing their son's growth and development as a man and a future father.

20. The area where Nick suffered his death was extremely dark despite the fact that there are numerous light poles in the area.

21. The road where Nick suffered the accident described herein was under the jurisdiction, ownership, care, custody and control of the co-defendants Municipality of Hormigueros, Puerto Rico Highway and Transportation Authority and/or Independent Contractors X and Y, which had the duty to maintain it in a reasonably safe and secure condition for citizens such as Nick.

22. The light poles that were lightless where Nick suffered the accident described herein were under the jurisdiction, ownership, care, custody and control of the co-defendants Puerto Rico Electric Power Authority, Municipality of Hormigueros, Puerto Rico Highway and Transportation Authority and/or Independent Contractors X and Y.

23. The accident and the damages described herein were caused partially due to the fault and negligence of co-defendant Anthony Lamadrid-Maldonado, who was driving in excess of the speed limit of the area, under the influence of alcohol and did not stop his vehicle to avoid impacting Nick. In addition, it was a direct result of the lack of electric public lighting in that specific stretch of the road because at the time of the accident the light poles were not energized, causing low contrast and poor visibility conditions, thereby impairing Mr. Lamadrid's vision and ability to see Nick and the blue colored Mazda Protégé.

24. The co-defendants Puerto Rico Electric Power Authority, Municipality of Hormigueros, Puerto Rico Highway and Transportation Authority and/or Independent Contractors X and Y had the duty to take care and maintain the light poles of the area of the accident. Their negligent failure to comply with their duties contributed to the occurrence of the accident and caused the catastrophic damages suffered by the plaintiffs.

25. The co-defendants Puerto Rico Electric Power Authority, Municipality of Hormigueros, Puerto Rico Highway and Transportation Authority and/or Independent Contractors

X and Y failed to comply with applicable laws and regulations regarding the installation and maintenance of the light poles.

26. The co-defendants Puerto Rico Electric Power Authority, Municipality of Hormigueros, Puerto Rico Highway and Transportation Authority and/or Independent Contractors X and Y negligently failed to maintain the light poles functional at all times in complete disregard of the Illumination Handbook of the Puerto Rico Electric Power Authority, the Federal Highway Administration Rules, the National Highway System Designation Act of 1995, the AASHTO Highway Subcommittee on Design, Federal Highway Act of 1956 and the Federal Highway Administration Lighting Handbook, among others.

27. The co-defendants Puerto Rico Electric Power Authority, Municipality of Hormigueros, Puerto Rico Highway and Transportation Authority and/or Independent Contractors X and Y knew about the dangerous condition created by the lack of electric power light in the area where the subject accident occurred and they negligently failed to correct the problem or demand the correction of it.

28. The public electric light pole system of the area of the accident was connected to the electric power distribution system of the co-defendant Puerto Rico Electric Power Authority before the occurrence and it was the Puerto Rico Electric Power Authority who had the main duty to provide maintenance to those light poles and adequate illumination to the area of the accident.

29. All the defendants incurred in fault and/or negligence in creating and/or allowing the existence of a dangerous condition on the road and the light poles and, therefore, they are jointly and severally liable for the damages suffered by the plaintiffs.

30. All the defendants incurred in fault and/or negligence in that they breached their duty

to maintain the road and the light poles in a reasonably safe and secure condition and, therefore, they are liable for the damages suffered by the plaintiffs.

31. All the co-defendants incurred in fault and/or negligence in that they failed to repair the light poles, allowing and/or permitting the dangerous condition that existed in that part of the road and, therefore, they are liable for the damages suffered by the plaintiffs.

32. At the time of the aforementioned accident, the co-defendants Triple-S Propiedad, Inc. and Insurance Companies A, B, C, D, E and F were the general liability insurers of the defendants Municipality of Hormigueros, Puerto Rico Electric Power Authority, Puerto Rico Highway and Transportation Authority and Independent Contractors X and Y, respectively, and, as such, they are jointly and severally liable for the damages caused to the plaintiffs due to the fault and/or negligence of each of their insureds.

33. The fault and/or negligence of the all the co-defendants were the sole and exclusive proximate and adequate cause of the accident mentioned herein and the resulting damages suffered by the plaintiffs.

34. The existence of the dangerous and hazardous condition of the area where Nick suffered his death was known or should have been known by the defendants, who failed to take the necessary measures to remedy the situation or to properly warn their citizens and negligently failed to do so.

35. All defendants are jointly and severally liable to the plaintiffs for the above described accident.

**FIRST CAUSE OF ACTION**

36. Plaintiffs repeat and re-allege the allegations contained in paragraphs one (1) to thirty

five (35) of this complaint as if fully set forth herein.

37. As a result of the incident alleged herein, Defendants are liable for the emotional trauma and extreme and excruciating mental anguish suffered by the plaintiffs Dino Demario and Cheryl Steele as a result of their son's death, damages which are reasonably estimated at a sum in excess of ten million dollars ($10,000,000.00).

## SECOND CAUSE OF ACTION

38. Plaintiffs repeat and re-allege the allegations contained in paragraphs one (1) to thirty seven (37) of this complaint as if fully set forth herein.

39. Plaintiffs Dino Demario and Cheryl Steele have incurred in medical expenses, funeral expenses, travel and transportation expenses while in Puerto Rico to identify their son's body, and will continue to incur in all or some of these expenses for the foreseeable future due to the defendants' fault and/or negligence in an amount in excess of fifteen thousand dollars ($15,000.00).

40. The medical expenses incurred by the Plaintiffs, which have been billed by their medical insurance providers, are claimed herein pursuant to Puerto Rico's collateral source rule and/or to satisfy any liens by her medical insurance providers or the Automobile Accident Compensation Administration of Puerto Rico.

41. Defendants have been obstinate and, upon defending against this lawsuit, will continue to incur in obstinacy.

42. The Plaintiffs are entitled to reasonable attorney's fees and interest from the date of filing of the complaint.

43. Trial by jury is demanded by Plaintiffs.

44. Pursuant to paragraph (3)(a) of Section 2056 of the Automobile Accident Social Protection Act, 9 L.P.R.A. §2056, Plaintiffs certify that a copy of this Complaint is being notified to the Automobile Accident Compensation Administration of Puerto Rico (ACAA).

WHEREFORE, it is respectfully requested that judgment be entered against Defendants, adjudging them to be jointly and severally liable to Plaintiffs in an aggregate sum in excess of the total individual amounts claimed herein, plus taxable costs, interest from the date of filing of the complaint, and a reasonable amount in attorney's fees.

In San Juan, Puerto Rico, this 31st day of October, 2016.

/s/ David Fernández-Esteves
DAVID FERNANDEZ-ESTEVES
Bar No. 218404
LAW OFFICES BENJAMIN ACOSTA, JR.
Attorneys for Plaintiffs
P.O. Box 9023518
San Juan, P.R. 00902-3518
Tel. 787-722-2363/Fax 787-724-5970
davidfernandez@lobajr.com